v UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| | : | |
| ANDREW BARFUSS | : | |
|        Debtor | : | CASE NO. 14-51908-ahws |
| | | |
| RONALD I. CHORCHES, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ANDREW BARFUSS | : : : | |
|        Plaintiff | : | |
| v. | : | |
| | : | |
| THE PENNSYLVANIA STATE UNIVERSITY | : | |
|        Defendant | : | AUGUST 21, 2015 |

## COMPLAINT

1. Andrew Barfuss (the "Debtor") is an individual who resides at 38 Jennifer Lane, New Canaan, Connecticut 06840.

2. Defendant, The Pennsylvania State University ("Penn State") is a public, state-related university with its principal place of operation at University Park, State College, PA 16801.

3. On December 17, 2014 (the "Filing Date") the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. The Plaintiff, Ronald I. Chorches is the duly appointed Chapter 7 Trustee for the Debtor's estate (the "Trustee").

**Factual Background**

5. The Debtor is the parent of Chris Barfuss and Molly Barfuss, who are individuals, who, at all relevant times to this complaint, have been over the age of 18 years of age.

6. During the period from November 2010 through December 2014, Chris Barfuss and Molly Barfuss were students at Penn State University.

7. During the entire period from November 2010 through December 2014, the Debtor was insolvent.

8. From November 2010 through December 2014, the Debtor had unreasonably small capital to operate his business.

9. From November 2010 through December 2014, the Debtor was unable to pay his debts as they became due.

10. This complaint initiates an adversary proceeding pursuant to §§ 544, 548 and 550 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 7001(1). The complaint seeks to avoid and recover constructive fraudulent transfers of the Debtor's property made to or for the benefit of the Defendant.

11. This Court has jurisdiction, under 28 U.S.C. §§ 157 and 1334(b), of the subject matter of this proceeding because the claims asserted herein arise under Chapter 7 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division (the "Bankruptcy Court").

12. The matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (H) and (O).

13. Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in the Bankruptcy Court is proper because the Debtor's case is pending in this district and division.

### First Claim For Relief
**(Constructive Fraudulent Transfer Against Penn State University)**
**11 U.S.C. §§ 548(a)(1)(B), 550 and 551**

1. Paragraphs 1 – 13 of this Complaint are repeated and re-alleged as if fully set forth herein.

14. During the following years, the Debtor made the following transfers to Penn State to pay for the tuition and other expenses of Chris Barfuss and Molly Barfuss.

| DATE | AMOUNT |
| --- | --- |
| January 19, 2012 | $6,336.00 |
| March 26, 2012 | $6,500.00 |
| March 26, 2012 | $5,000.00 |
| April 3, 2012 | $1,540.00 |
| April 10, 2012 | $5,808.00 |
| August 28, 2012 | $2,054.00 |
| April 4, 2013 | $6,430.00 |
| August 21, 2013 | $3,995.00 |
| October 16, 2013 | $3,950.00 |
| February 21, 2014 | $5,388.00 |
| July 24, 2014 | $1,851.00 |
| August 11, 2014 | $2,753.00 |
| November 13, 2014 | $1,660.00 |
|  | $53,265.00 |

(the "Penn State Two-Year Transfers").

15. The Penn State Two-Year Transfers were made on or within two years before the Filing Date.

16. The Debtor received less than reasonably equivalent value in exchange for the Penn State Two-Year Transfers.

3

17. At the time of the Penn State Two-Year Transfers, the Debtor was insolvent, or became insolvent as a result of the Penn State Two-Year Transfers in question.

18. At the time of the Penn State Two-Year Transfers, the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

19. At the time of the Penn State Two-Year Transfers, the Debtor intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

20. The Penn State Two-Year Transfers constituted constructively fraudulent transfers avoidable by the Trustee pursuant to § 548(a)(1)(B) of the Bankruptcy Code and are recoverable from Penn State pursuant to § 550(a) of the Bankruptcy Code.

21. As a result of the foregoing, pursuant to §§ 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment: (a) avoiding and preserving the Penn State Two-Year Transfers, (b) directing that the Penn State Two-Year Transfers be set aside, and (c) recovering the Penn State Two-Year Transfers or the value thereof, from Penn State for the benefit of the Debtor's estate.

### Second Claim for Relief
### (UFTA Constructive Frauculent Transfer Against Penn State)
### Conn.Gen.Stat. §§ 52-552e(a)(2) and 52-552f(a)

1. Paragraphs 1-22 of this Complaint are repeated and re-alleged as if fully set forth herein.

23. The Debtor made the following transfers to Penn State to pay for the tuition and other expenses of Chris Barfuss and Molly Barfuss.

4

| **DATE** | **AMOUNT** |
|---|---|
| November 10, 2010 | $12,391.00 |
| August 22, 2011 | $6,082.00 |
| August 22, 2011 | $5,143.00 |
| October 20, 2011 | $5,092.00 |
| October 31, 2011 | $6,224.00 |
| December 27, 2011 | $10,316.00 |
| December 27, 2011 | $4,946.00 |
| December 28, 2011 | $1,530.00 |
| January 19, 2012 | $6,336.00 |
| March 26, 2012 | $6,500.00 |
| March 26, 2012 | $5,000.00 |
| April 3, 2012 | $1,540.00 |
| April 10, 2012 | $5,808.00 |
| August 28, 2012 | $2,054.00 |
| April 4, 2013 | $6,430.00 |
| August 21, 2013 | $3,995.00 |
| October 16, 2013 | $3,950.00 |
| February 21, 2014 | $5,388.00 |
| July 24, 2014 | $1,851.00 |
| August 11, 2014 | $2,753.00 |
| November 13, 2014 | $1,660.00 |
|  | $104,989.00 |

(the "Penn State Transfers").

24. The Debtor did not receive reasonably equivalent value in exchange for the Penn State Transfers.

25. The Penn State Transfers were effectuated when: (a) the Debtor was engaged, or was about to engage, in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; and/or (b) the Debtor intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due; and/or the Debtor was insolvent or the Debtor became insolvent as a result of the Penn State Transfers.

5

26. At the time of the Penn State Transfers, the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

27. At the time of the Penn State Transfers, the Debtor intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

28. The Penn State Transfers constitute fraudulent transfers within the meaning of, and in violation of, the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §§ 52-552e(a)(2) and/or 52-522f(a).

29. As a direct and proximate result of the Penn State Transfers, the Debtor, his estate and his creditors have suffered money damages.

30. At the time of the Penn State Transfers, there have been creditors who have held and still hold matured or unmatured claims against the Debtor that were and are allowable under § 502 of the Bankruptcy Code or that were and are not allowable under § 502(e) of the Bankruptcy Code.

31. The Trustee, on behalf of the Debtor's estate, is entitled to avoid the Penn State Transfers, to have them set aside and to recover the Penn State Transfers, or the value thereof, pursuant to 11 U.S.C. Sec. 544(b), Conn. Gen. Stat. §§ 52-552e(1)(2), 52-552f(a) and 52-552h(a) from Penn State .

**WHEREFORE**, the Plaintiff, RONALD I. CHORCHES, Chapter 7 Trustee respectfully requests the Court enter judgment in favor of the trustee and against the Defendant as follows:

1. On the First Claim for Relief against The Pennsylvania State University, pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550(a) and 551: (a) avoidance of the Penn State Transfers; (b) an order directing that the Penn State Two-Year Transfers be set aside, and (c) recovery of the Penn State Two-Year Transfers, or the value thereof, from Penn State for the benefit of the Debtor's estate.

2. On the Second Claim for Relief against The Pennsylvania State University, pursuant to Conn. Gen. Stat. § 52-552h(a), 11 U.S.C. § 550(a) and 551: (a) avoidance of the Penn State Transfers; (b) an order directing that the Penn State Transfers be set aside, and (c) recovery of the Penn State Transfers, or the value thereof, from The Pennsylvania State University for the benefit of the Debtor's estate.

3. Attorneys' fees;

4. Pre-judgment interest;

5. Costs; and

6. Such other and further relief as this Court deems just and proper.

Dated this 21st day of August, 2015.

RONALD I. CHORCHES, CHAPTER 7 TRUSTEE
FOR THE ESTATE OF ANDREW BARFUSS

By/s/____*Marjorie R. Gruszkiewicz*
      Marjorie R. Gruszkiewicz
      Fed Bar #ct07989
      Law Offices of Ronald I. Chorches, LLC
      449 Silas Deane Highway
      Wethersfield, CT 06109
      Ph: (860) 563-3955/Fax: (860) 513-1577
      ronaldchorches@sbcglobal.net
      His Attorney